o MATTHEWS v. COOPER et al.

(Supreme Court, General Term, First Department. November 18, 1892.)

1. LANDLORD AND TENANT—LEASE—BREACH OF COVENANTS.
    In an action by the lessee of an hotel to reform a second mortgage on the furniture and a deed of trust, both made to secure the rent, a receiver was appointed pendente lite, to take charge of the hotel and conduct the business. Subsequently the holder of the first mortgage asked leave to enforce his rights thereunder, whereupon the lessor, alleging his readiness to pay this first mortgage, and that the lessee had forfeited his rights under the lease by the breach of a covenant to pay water rates, asked to be allowed to take possession of the property. *Held* that, while it was proper for the lower court to allow the lessor to foreclose his mortgage, it was error to allow him to re-enter for the alleged breach of condition, even though he made a satisfactory arrangement with the receiver to protect him from any liability for his acts, as the question of the forfeiture of the lease should be tried by a regular action, and could not be determined on mere affidavits. Lawrence, J., dissenting.

2. RECEIVER—TITLE TO PROPERTY.
    Where a receiver is appointed to take charge of an hotel and its property, and conduct the business, but has no authority to sell any of the property except in the ordinary course of such business, the title to such property does not vest in him, and does not become assets in his hands to pay the expenses of the receivership.

Appeal from special term, New York county.

Action by James C. Matthews against Marvelle W. Cooper and William Waddell, trustees, and Albert P. Sturtevant and others, to reform chattel mortgages and a trust deed, for an injunction restraining the sale of such mortgaged property, and to enjoin said trustees from carrying

on the hotel business, and for the appointment of a receiver pendente lite. Injunction granted, and receiver appointed. Afterwards said injunction was vacated as to Sturtevant, and from an order authorizing him to take possession of the premises, plaintiff appeals. Modified.

From a further order, directing Sturtevant to pay the receiver a certain sum, to be applied to the payment of the receivership debts, said Sturtevant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

Durnin & Hendrick, for appellant.
Elihu Root and S. B. Clarke, for respondent Sturtevant.
Geo. H. Adams, for receiver.

LAWRENCE, J. The action was brought by the appellant to procure a reformation of two chattel mortgages executed by him to the respondent Sturtevant, and also to reform a certain trust agreement executed by him to the respondents Cooper and Waddell simultaneously with the execution of the chattel mortgages. The plaintiff had, up to the time of the execution of the instruments in question, been engaged in conducting and carrying on an hotel business in the premises in the city of New York known as the "Sturtevant House," and those instruments related to the business, furniture, and fixtures of said hotel. The plaintiff alleged in his complaint that the chattel mortgages should have contained a provision making them payable within one year, instead of on demand, and that there should be inserted in the trust agreement a provision that upon demand the property therein mentioned should be given back, and the management of the business turned over to him. He prayed that an injunction be granted restraining the respondent Sturtevant from selling the said property under the chattel mortgages, and Cooper and Waddell from conducting and carrying on said business, and that a receiver be appointed to take possession of the property and business, and manage and conduct the same during the pendency of the action. It was alleged in the complaint that the plaintiff at the time of the execution of the instruments referred to was ill and incapacitated from the transaction of business, and, that he did not know that the provisions in respect to which a reformation of the instruments was sought had been omitted therefrom, but that he supposed that such provisions had been inserted therein. The answer of the defendant Sturtevant denies the allegations of the plaintiff in respect to the mistake in the provisions of the chattel mortgages and the trust agreement, and as to the plaintiff's incapacity from illness, and generally all the equities in the complaint. Subsequently, on the motion of the plaintiff, on the 30th day of December, 1891, the defendant Erhardt was appointed receiver of the furniture and chattels in said hotel, and of the lease thereof, and of the business carried on therein, with directions to conduct and carry on said business. The defendants Cooper and Waddell were also directed to deliver to the receiver the property of the hotel then in their possession, and the defendants herein were enjoined and restrained, pending the action, from selling or disposing of the furniture and chat-

tels in said hotel.   On a subsequent motion to vacate and set aside said order it was ordered, on the 16th of February, 1892, by the special term of this court, that said injunction be vacated, unless the appellant within 10 days file a new undertaking, with good and sufficient sureties, in the sum of $10,000, to indemnify the defendant Sturtevant for the damages that he might sustain by reason of said injunction.   The appellant has never given the additional security provided for by this order.   Erhardt, the receiver, on or about the 11th of May, 1892, presented his petition to this court, in which, after stating that, after paying the rent of the premises, but a small balance remained in his hands from the assets turned over to him by Cooper and Waddell, and that during the period from June to August 15th, the receipts will be insufficient to meet the obligations for rent, etc., he goes on to state:

"Fifth.  Your petitioner respectfully shows to the court that he has received notice of a certain petition and motion of Jos. E. Janvrin, verified April 3, 1892, for an order requiring your petitioner, as the receiver of the furniture and chattels now in the Sturtevant House, to forthwith pay Jos. E. Janvrin, the petitioner, in the said petition, the amount of a certain mortgage set forth in said petition, amounting to $5,000, and interest thereon since January 26, 1891, together with the costs of the said proceeding; or, in default thereof, that your petitioner deliver possession of all the furniture and chattels now in his possession or under his control, and referred to in and covered by the said mortgage, to the said petitioner, Janvrin; and that he, the said Janvrin, be allowed to take possession of all of said furniture and chattels, and foreclose the said mortgage according to the terms thereof.  Sixth.  That your petitioner, as such receiver, is wholly unable to make payment of the principal and interest of the said mortgage; and that, if the furniture, fixtures, and chattels described in and covered by the said mortgage shall be removed from the possession and control of your petitioner, your petitioner will be unable to continue to administer the trust in his hands, namely, the hotel business now conducted by the Sturtevant House."

The defendant Sturtevant also presented his petition, dated May 4, 1892, in which he states in great detail the transactions between him and Matthews, and alleges that the appellant, as lessee, was in default for nonpayment of Croton water rates or rents accruing in the years 1891 and 1892, and claims that under the covenant in the lease he is entitled to re-enter upon the premises by reason of such default.   He also alleges that the appellant has made default in payment of certain promissory notes mentioned in the chattel mortgages, and that, under the terms thereof, he is authorized and empowered to take possession of the property covered by them, and desires to do so.   He further averred that one Janvrin, claiming to be a creditor of the appellant for a debt secured by a chattel mortgage, executed prior to the mortgages to the petitioner, had by judicial proceedings attempted to remove the property covered by the mortgages held by the petitioner; that Janvrin had served notice of motion on the receiver for an order directing said receiver to forthwith pay the amount of his mortgage, or, in default, deliver possession of the property to him; that, said motion coming on to be heard, it was directed that a copy of Janvrin's petition and notice be served on all the parties to this suit; that this had been done, and that said application was pending and waiting a hearing.   He further averred that he elects that it is for his best interest to take possession of the property covered by said two chattel mortgages mentioned in the complaint, and that, under and by virtue of the terms of said chattel mortgages, he is, upon such election,

entitled to take and retain possession thereof, and he is desirous to do so. He further averred that the said Matthews did not claim in his complaint in this action that the said two chattel mortgages in the complaint mentioned are erroneous in respect of any of the provisions thereof which give to your petitioner the right to take possession of the goods and chattels covered thereby upon an election by your petitioner that it is for his best interests so to do, or in case of an attempt on the part of any person, under the direction of said Matthews, or on his behalf, to take possession thereof. He further averred that he did not know whether the said Janvrin mortgage is valid or not, but that, if the same be valid, he is ready and willing to redeem the property covered by all three of said chattel mortgages from the lien of the said Janvrin mortgage; and, if he should do so, as he hopes, that he may be subrogated to all the rights of the said mortgagee under said Janvrin mortgage. Matthews, the appellant, when the hearing of the application of Sturtevant and of the receiver came on, opposed the same in an affidavit in ·which he denied that there had been a forfeiture by reason of the failure to pay the water rates, but he does not in that affidavit in any way attack the validity of Janvrin's mortgage, nor his right to take possession of the furniture and fixtures of the hotel thereunder. All the parties were served with notice of these applications, and, upon the hearing, the order from which this appeal is taken was made.

We think that the order was right. Janvrin was confessedly entitled to be paid the amount due upon his mortgage, or to take possession of the property, and sell it, to obtain payment of his debt. The property was in possession of a receiver, who had been appointed by the court in another action, to which he was not a party. There was no money in the hands of the receiver, out of which Janvrin's claim could be paid. Whether the mortgage to Sturtevant and the trust deed recited all the terms agreed upon between the parties or not, the fact is also conceded that Matthews was largely indebted to Sturtevant, and that the latter was vitally interested in preventing a sacrifice of the property upon a sale under the Janvrin mortgage. Matthews does not claim, in his affidavit in opposition to the motion, that he is able to protect the property or to pay Janvrin's debt. To deny the application of Sturtevant might lead to a sacrifice of the property, and result in irreparable injury, not only to him, but to the plaintiff, if it should eventually be determined that he is entitled to relief at the hands of this court. The order below must be affirmed, with costs and disbursements.

VAN BRUNT, P. J. While concurring with the opinion of Mr. Justice LAWRENCE in so far as it affirms the order of the court appealed from, which allowed the defendant Sturtevant to proceed with the foreclosure of the mortgages, we cannot concur in his conclusion to affirm that part of the order which embodied a judgment in an action of forfeiture. The question as to whether the covenants of the lease by which the plaintiff, Matthews, held the premises in question was one which he had a right to have tried in a regular action, so that his rights and those of the defendant Sturtevant could be determined therein. This court

had no power to deprive him of that right of trial, and to determine the question upon affidavits. The defendant Sturtevant claimed a right to re-enter because of a breach of the covenants contained in the lease. The plaintiff, Matthews, among other things, claimed a waiver of the forfeiture, if any had taken place; and it is a well-settled rule that covenants of this description, which work a forfeiture of the term, unless such forfeiture is acquiesced in, can only be enforced in the manner prescribed by law. Therefore, in order to obtain possession of these premises by reason of the alleged forfeiture, it was necessary for Sturtevant to establish the same in an action; but by the order of this court upon affidavits, without giving Matthews an opportunity for the trial to which he was entitled upon the issues which would have been raised in respect to the question of forfeiture, this court decrees that its officer permit Sturtevant into and upon the premises demised in the lease wholly to re-enter, and to have the same again, to repossess and enjoy as his first and former estate. Our attention has been called to no process by which a forfeiture can be enforced in this summary way, nor have we knowledge of any authority for such a procedure. We think, therefore, that that portion of the order should be reversed, and the order limited solely to the right of said Sturtevant to enter upon these premises in order to take possession of and remove the property mortgaged for the purpose of foreclosure. The order, as so modified, should be affirmed, without costs.

O'BRIEN, J., concurs.

### APPEAL FROM ORDER CONFIRMING REFEREE'S REPORT.

VAN BRUNT, P. J. Prior to the 10th of March, 1886, the appellant Sturtevant and one John J. Sturtevant were copartners in the hotel business in the city of New York, and, as such firm, were the owners of the property known as the "Sturtevant House," which premises, in March or April, 1886, they leased to the plaintiff, Matthews, and one Pearson. The lease contained a covenant that the lessees would pay the Croton water rents imposed upon the demised premises, and that, if default should be made in any covenant, the lessors might re-enter. Matthews and Pearson entered upon said property, and conducted the hotel business therein after the execution of said lease, and continued the occupation thereof until March, 1891, when the business connection between Matthews and Pearson was dissolved by the withdrawal of Pearson, and thereafter Matthews continued to carry on such business in said premises until the time hereinafter mentioned. In July, 1889, John D. Sturtevant died, leaving the appellant his surviving partner. Prior to October, 1891, Matthews made and executed a chattel mortgage upon the furniture, etc., contained in said hotel to one Janvrin, to secure the sum of $5,000; and in October, 1891, said Matthews also executed to the appellant, as surviving partner of the firm of A. P. & J. D. Sturtevant, two chattel mortgages upon the same goods and chattels, which mortgages contained a provision that, in case of default, the party of the second part might enter any dwelling house and other premises, and such other place or places as said goods might be placed, and take

and carry away said goods and chattels, and sell and dispose of the same for the best prices he could obtain, and out of the moneys arising therefrom to retain and pay the sum and interest due upon the mortgages, and all charges touching the same.     The said chattel mortgages also contained a provision that, in case the party of the second part should elect that it was for his best interest to take possession of the property in any event, it should be lawful for him to immediately take and retain possession thereof, as if default had been made in payment of the sum of money secured to be paid by the mortgage.     In October, 1891, Matthews made and executed to the defendants Cooper and Waddell a deed of trust, whereupon said trustees entered upon said property, and continued in possession thereof until the receiver appointed in this action took possession thereof, about the last of December, 1891; said Matthews having in November, 1891, commenced this action to reform the said chattel mortgages and the trust deed, and having obtained an injunction, and the appointment of a receiver of said property and business, and to manage and conduct the same pendente lite.     In February, 1892, this injunction was vacated as to the appellant Sturtevant, unless the plaintiff in 10 days gave a bond in $10,000, which condition was not complied with.     In May, Janvrin, the holder of the first chattel mortgage above mentioned, applied to the court for the payment of his mortgage by the receiver, or that he be put in possession of the mortgaged property, with leave to foreclose the mortgage.     At the same time the appellant applied by petition, as owner and lessor of the Sturtevant House, and as second mortgagee of the furniture, chattels, etc.—First, to re-enter under the lease; second, that the receiver put him in possession of the furniture and chattels covered by the mortgage; and, third, that the receiver be relieved from so much of the order appointing him as required him to conduct and carry on such hotel business.     These applications of Janvrin and Sturtevant were heard and decided together and granted, and the extraordinary order was thereupon entered that, upon the appellant making an arrangement with the receiver satisfactory to him for his protection against any liability for his acts in the performance of his duties as receiver pursuant to his order of appointment, and upon one day's notice, the said receiver suffer and permit said Sturtevant into and upon the premises in said lease mentioned wholly to re-enter, and the same to have again, repossess, and enjoy as in his first and former estate; and that the receiver suffer and permit said Sturtevant to take and retain possession of the goods and chattels covered by said two chattel mortgages then in the Sturtevant House, and in the possession of said receiver; thus granting judgment upon a covenant in the lease without even the semblance of an action or legal proceeding to enforce the breach of the covenant.     Thereupon the appellant Sturtevant entered into a stipulation with the receiver as follows:

"Memorandum of stipulation between Albert P. Sturtevant and Joel B. Erhardt, the receiver in the above-entitled action. Whereas, a motion made in this action by the defendant Sturtevant for an order that the said receiver permit said Sturtevant to re-enter under the lease mentioned in the complaint, and to take possession of the furniture covered by the chattel mortgages mentioned in the complaint, has been granted upon condition that the defendant Sturtevant make an

arrangement with said receiver satisfactory to said receiver for the protection of said receiver against any liability for his acts in the performance of his duties as such receiver; and whereas, said receiver has incurred indebtedness for supplies and operating expenses of the business and other expenses of his receivership, and has in his possession as such receiver certain property, including supplies, which would necessarily be disposed of at a great loss for any other purpose than for use in the operation of the said business: It is hereby agreed: First, that if said Sturtevant will take from the said receiver all supplies which the said receiver has on hand in the hotel known as the 'Sturtevant House,' and mentioned in the complaint, and pay said receiver full cost price thereof, and as of the time when said premises are taken possession of by said Sturtevant; second, that at the time of such taking possession there shall remain any assets of said receivership, and any unpaid debts or expenses of said receivership, after the application thereto of all moneys then in said receiver's hands, and all moneys paid to said receiver by said Sturtevant under the foregoing provisions,—then the said Sturtevant agrees, upon any sale of the then remaining assets of the said receivership, to bid therefor a sum which shall be at least sufficient to pay all the remaining debts and expenses of such receivership, together with the expenses of such sale; third, that, in any event, in case any lawful obligation of said receiver, incurred in the performance of his duties as such, shall remain unpaid after the application of all the property in said receiver's hands applicable thereto, said Sturtevant shall indemnify and save harmless the said receiver from and against all liability thereupon. "

In June, 1892, the receiver gave notice that on his petition, account, and schedules he would apply for a reference to pass his accounts and for his discharge, and for other relief; and thereupon an order of reference was made, directing the receiver to ascertain and report to the court what, if any, property or assets vested in said receiver in this action remained undisposed of. The referee thereupon proceeded with the reference, and reported that the only property or assets vested in said receiver which remained undisposed of is the cash on hand with which said receiver is chargeable, and the amount due upon the obligation of the appellant Sturtevant to said receiver under the stipulation. The appellant filed exceptions to said report, to the effect "that the referee should have reported that the right, title, and equity of plaintiff, Matthews, in the furniture and chattels described in the mortgages and trust deed mentioned in the complaint ought to be charged with the payment of the receiver's debts, expenses, and compensation, and sold for that purpose." And also "that the referee should have reported that defendant Sturtevant is under no liability upon the stipulation with the receiver, referred to in the report, except contingently for any deficit there may be after a sale of plaintiff's (Matthews') right, title, and equity in the said furniture and chattels, and the application of the proceeds of such sale to the payment of the debts, expenses, and compensation of the receiver." Also to so much "of said report as states, in effect, that the only property or assets vested in said receiver which remain undisposed of is the cash on hand, and the amount due upon the obligation of defendant Sturtevant upon his stipulation with the receiver." And also to so much of the report as states that the receiver is entitled to commissions upon the amount of the obligation of the appellant Sturtevant above mentioned. The other exceptions are substantially embraced in those which have been mentioned. These exceptions being overruled by the court, and an order entered confirming the report, this appeal is taken from that order.

The question presented arises principally upon the construction to be placed upon the stipulation entered into by the appellant Sturtevant and the receiver, and whether the equity of redemption of the plaintiff, Matthews, in the furniture, etc., described in the mortgages and trust deed were property or assets vested in the receiver which remained undisposed of at the time of the application of the receiver for a passing of his accounts. In the consideration of this question it is to be borne in mind that the sole duty of the receiver was to act as stakeholder of the property which had been used by Matthews and his trustees in the conduct of the hotel business in the Sturtevant House, and to use such property in the continuing of such business. He had not authority to dispose of or sell any of such property, except such as might be sold in the ordinary conduct of said business. No such property was vested in him, except so far as necessary for the conduct of the business. It was entirely different from the case of a receiver appointed for the purpose of taking possession of property, selling it, reducing it to cash, and dividing it among the parties entitled thereto. The theory upon which his appointment was made was that it was necessary for the protection of the rights of the plaintiff that this property should be placed in the hands of a stakeholder, to be held by him until the rights of the parties might be determined, and then that the receiver should be required to deliver the property to the parties adjudged to be entitled thereto; and this was all the authority which was conferred upon the receiver by his appointment under the circumstances developed in this action. Now, the applicant having applied to the court for the possession of this property, and not only for the possession, but that he might re-enter under his lease because of a breach of a covenant in the lease, without going through the forms of law which would entitle him to re-enter for a breach of the covenant, and instead of removing the property from the demised premises, which was all he could do under the mortgages, he is granted this extraordinary and remarkable relief upon certain conditions, namely, that he save the receiver harmless; and he gave this stipulation, and now claims that, having obtained the advantages which he desired, the receiver should do that which his appointment never contemplated, i. e , sell out Matthews' interest in this property for the payment of the debts and of the expenses of the receivership and the compensation to the receiver. It seems to us that it would be going entirely beyond the contemplation of the order appointing the receiver, to allow him to dispose of any of the property, except, as already stated, so far as was necessary in the conduct of the business. Being a mere stakeholder, all that he could do would be to preserve the property of which he was appointed receiver, and not to sell the same. It was not necessary for the purposes of the action in which he was appointed, and, not being so necessary, no such power was conferred upon him. We think, therefore, that the referee was entirely right in holding that no title to this mortgaged property was vested in the receiver, and that he had no power to sell, and that it was not assets in his hands. As to the commissions of the receiver, he is clearly entitled to his commissions upon that which he receives and disburses, and the

appellant having, for purposes of his own, in order to get possession of the leased property in this extraordinary manner, agreed to indemnify the receiver, he is as much bound to pay the commissions of the receiver upon the sums he is entitled to receive and disburse as any other debt or obligation connected with the receivership. We think, therefore, that the order should be affirmed, with $10 costs and dis-. bursements to each of the respondents appearing.

O'BRIEN, J., concurs.

LAWRENCE, J.   I think that the order should be wholly affirmed for the reasons stated in my opinion on the appeal taken by Matthews.